## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| In re: **DARREN A. MARBLEY,**  Debtor. | Case No. 16-25579-LSS  Chapter 7 |
| **JOHN P. FITZGERALD, III,** **Acting United States Trustee,**  Plaintiff,  vs.  **DARREN A. MARBLEY,**  Defendant. | Adv. Proc. No.: _____ |

### COMPLAINT TO REVOKE DISCHARGE

John P. Fitzgerald, III, Acting United States Trustee ("Plaintiff"), by counsel, as his Complaint to Revoke Discharge states as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, as well as Md. Dist. Ct. Local Rule 402.

2. Venue is proper in this proceeding pursuant 28 U.S.C. § 1408.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(j).  Pursuant to Local Rule 7012-1(b), Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Judge.

4. This complaint is timely filed.  The bar date for filing a complaint under § 727(d) of the Bankruptcy Code is March 3, 2018.

### FACTS

5. On November 28, 2016 (the "Petition Date") Darren A. Marbley (the "Debtor") filed a petition for relief in this Court under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6. Steven H. Greenfeld ("Trustee") was subsequently appointed as the Debtor's Chapter 7 Trustee.

7. On November 28, 2016, the Debtor filed his Schedules and Statement of Financial Affairs.

8. Upon filing his Schedules and Statement of Financial Affairs, the Debtor declared under penalty of perjury that the information contained therein was true and correct.

9. On December 1, 2016, the Debtor filed his Amended Schedule A/B, which lists all items of real and personal property. The Debtor also declared under penalty of perjury that the information contained in Amended Schedule A/B was true and correct.

10. Subsequently, at the Debtor's December 28, 2016 Section 341 Meeting of Creditors, when questioned by the Chapter 7 Trustee, the Debtor testified under penalty of perjury that his Schedules and Statement of Financial Affairs were true and correct.

11. On December 29, 2016, the Trustee filed a no asset report in this case.

12. On March 3, 2017, an order discharging the Debtor of all of his dischargeable debts was entered in this case.

13. On his Amended Schedule A/B, the Debtor listed personal property valued at $2,400, including jewelry valued at $700.

14. On his Statement of Financial Affairs, at Question No. 18 (property transfers within 2 years before filing bankruptcy), the Debtor checked "No."

15. Despite claiming to have only $700 in jewelry on the Petition Date, on March 14, 2017, less than two weeks after the entry of Debtor's chapter 7 discharge, the Debtor filed a personal property insurance claim alleging that $49,337 worth of jewelry had been stolen from him, including a Diamond Bracelet valued at $37,995 and a Diamond Ring appraised at $10,995. The theft allegedly occurred on March 10, 2017, only one week after the entry of Debtor's discharge.

16. The Debtor did not include on Schedule A/B or Amended Schedule A/B either the Diamond Bracelet or the Diamond Ring.

## COUNT I – 11 U.S.C. § 727(d)(1)

17. Plaintiff hereby incorporates by reference paragraphs one (1) through sixteen (16) of this Complaint.

18. Pursuant to Section 727(d)(1) of the Bankruptcy Code:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> ***
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge ….

11 U.S.C. § 727(d)(1).

19. The Debtor committed fraud by failing to schedule his valuable jewelry on Schedule A/B and Amended Schedule A/B.

20. The Debtor committed fraud by testifying at the Section 341 Meeting that his Schedules were true and accurate.

21. By failing to include the Diamond Bracelet and Diamond Ring on Schedule A/B and Amended Schedule A/B and by failing to inform the Chapter 7 Trustee at the Section 341 Meeting of Creditors of the Diamond Bracelet and Diamond Ring, the Debtor fraudulently induced the Chapter 7 Trustee to file a no-asset report. It is safe to say that, had the Chapter 7 Trustee known of the Diamond Ring and Diamond Bracelet, the Chapter 7 Trustee would have at least investigated to determine if he could sell the jewelry for the benefit of creditors. The Chapter 7 Trustee, however, was deprived of that right by the Debtor's fraudulent conduct.

20. The Debtor's discharge was obtained by means of the fraudulent conduct described in this Complaint.

21. The Plaintiff learned of the fraudulent conduct described in this Complaint only after the Debtor was granted a discharge in this case.

22. Therefore, pursuant to 11 U.S.C. § 727(d)(1), the Debtor's discharge should be revoked.

WHEREFORE, based on the foregoing, the Plaintiff respectfully prays that the Court:

a. Enter Judgment against the Debtor as to Count I and revoke the Debtor's discharge; and

b. Grant such further relief as the circumstances may require.

Dated: February 28, 2018

**JOHN P. FITZGERALD, III**
Acting United States Trustee, Region 4
By Counsel

*/s/ Leander D. Barnhill*
Leander D. Barnhill, Bar No. 16971
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD   20770
(301) 344-6216
Fax: (301) 344-8431
Email: leander.d.barnhill@usdoj.gov